IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| V. | § | |
| | § | No. 3:16-cr-101-B |
| ROMAN SLEDZIEJOWSKI, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Defendant Roman Sledziejowski has filed a Motion to Dismiss and for Discovery
and Brief in Support, *see* Dkt. Nos. 38 & 39, which United States District Judge Jane
J. Boyle has referred to the undersigned United States magistrate judge for hearing,
if necessary, and recommendation or determination under 28 U.S.C. § 636(b), *see* Dkt.
No. 47. The government has filed a response. *See* Dkt. No. 43.

As to Mr. Sledziejowski's motion to dismiss the indictment – for improper venue
and as a result of prejudicial pre-indictment delay – the undersigned enters these
findings of fact, conclusions of law, and recommendation that the motion be denied.

The undersigned will address the discovery portion of the referred motion
separately.

**Applicable Background**

The reasons that Mr. Sledziejowski advances for dismissing the indictment may,
at this time, be addressed without a detailed discussion of the facts underlying his
prosecution. The undersigned therefore notes that, through an indictment in this

district returned in March 2016, he is charged with three counts of securities fraud in violation of 15 U.S.C. § 78j(b) and 78ff and 17 C.F.R. § 240.10b-5 based on transactions that occurred in July 2012.

## Legal Standards and Analysis

### I.    <u>Improper Venue</u>

The United States Constitution guarantees "the right to trial in the district in which the offense was committed." *United States v. Heredia*, No. 02 CR. 1246(SWK), 2003 WL 21524008, at *4 (S.D.N.Y. July 3, 2003) (citing U.S. CONST. art. III, § 2, cl. 3; *id.* amend. VI). That right is codified in Federal Rule of Criminal Procedure 18, which "requires the Government to 'prosecute an offense in a district where the offense was committed.'" *United States v. Bays*, No. 3:13-cr-357-B, 2014 WL 12691742, at *1 (N.D. Tex. Apr. 8, 2014) (quoting FED. R. CRIM. P. 18). And "Congress may, if it so desires, prescribe specific venue requirements for a particular crime. If Congress adopts such a statute, 'that provision must be honored (assuming, of course, that it satisfies the constitutional minima).'" *United States v. Johnson*, 510 F.3d 521, 524 (4th Cir. 2007) (quoting *United States v. Salinas*, 373 F.3d 161, 164 (1st Cir. 2004)).

Congress has prescribed a specific venue provision for federal securities offenses, and venue for those violations is proper "in the district wherein any act or transaction constituting the violation occurred." 15 U.S.C. § 78aa. "[T]his provision, whose language is 'manifestly broad,' simply requires that '*any* act or transaction constituting the violation' have taken place in the pertinent district." *Johnson*, 510 F.3d at 525 (quoting, respectively, *In re AES Corp. Sec. Litig.*, 240 F. Supp. 2d 557, 559 (E.D. Va.

2003), and Section 78aa; emphasis added in *Johnson*). "As a result, the 'venue-sustaining act need not constitute the core of the alleged violation,' but merely one that is material to the charged offense." *Id.* (quoting *AES Corp.*, 240 F. Supp. 2d at 559); *cf. Cortis, Inc. v. Cortislim Intl, Inc.*, No. 3:12-cv-562-P, 2012 WL 12885719, at *2 (N.D. Tex. Oct. 16, 2012) ("Under § 78aa, the act or transaction must be 'material' to the fraudulent scheme, but it does not need to be a critical component or even the genesis of the scheme." (citing *Hilgeman v. Nat'l Ins. Co.*, 547 F.2d 298, 301 (5th Cir. 1977))).

"When considering a motion to dismiss [based on improper venue], the Court looks at the allegations made in the indictment and takes all well-pleaded facts as true." *Bays*, 2014 WL 12691742, at *1 (citations omitted); *accord Heredia*, 2003 WL 21524008, at *5 ("On a motion to dismiss the indictment, the allegations of the indictment must be taken as true." (citing *United States v. Goldberg*, 756 F.2d 949, 950 (2d Cir. 1985))). And, "[i]f there is a facially sufficient indictment, the Court cannot make venue determinations based on extrinsic evidence in deciding a pre-trial motion." *United States v. Razo*, No. 1:11-cr-00184-JAW, 2012 WL 5874667, at *5 (D. Me. Nov. 20, 2012) (cited in *Bays*).

In sum, "[a]lthough criminal defendants have a right to be tried in a proper forum, they have no right to be charged with the proper venue." *United States v. Stein*, 429 F. Supp. 2d 633, 643 (S.D.N.Y. 2006) (footnote omitted). Therefore, "as long as the indictment alleges venue, a pretrial motion to dismiss based on contrary allegations by the defendant must be denied." *Id.* (footnote omitted).

-3-

Here, the indictment provides that "in the Northern District of Texas and elsewhere, the defendant, Roman Sledziejowski" committed securities fraud in violation of federal law. Dkt. No. 1 at 5. For purposes of an indictment, that allegation is sufficient to establish venue in this district under Section 78aa. *See, e.g., Heredia*, 2003 WL 21524008, at *5 ("On its face, the indictment alleges that both offenses[ – securities fraud in violation of Sections 78j(b) and 78ff – ]occurred 'in the Southern District of New York and elsewhere,' which is sufficient to resist a motion to dismiss.").

And, as Judge Boyle pointed out in *Bays* – after noting that the motion to dismiss there failed solely because the Court found "that Bays's arguments that the Government's allegations fail as a matter of law to establish venue" were incorrect – "whether venue is ultimately proper within this district can be reconsidered in a [Federal Rule of Criminal Procedure 29] motion for judgment of acquittal at a later stage of this litigation." *Bays*, 2014 WL 12691742, at *4 n.3 (citation omitted); *see also Heredia*, 2003 WL 21524008, at *5 ("Whether the acts alleged in the indictment in fact occurred in the Southern District of New York is appropriately left for trial, at which time the Government will be required to prove by a preponderance of the evidence that the crime was committed in the district in which the prosecution was brought. Accordingly, the Court denies the motion to dismiss for lack of venue without prejudice subject to renewal under Rule 29 of the Federal Rules of Criminal Procedure." (citation and internal quotation marks omitted)); *cf. United States v. Thomas*, 690 F.3d 358, 368 (5th Cir. 2012) ("We will affirm the verdict where a rational jury could conclude 'that the government established venue by a preponderance of the evidence.'" (quoting

-4-

*United States v. Garcia Mendoza*, 587 F.3d 682, 686 (5th Cir. 2009))).

The Court should therefore deny the motion to dismiss the indictment for improper venue.

## II.    Prejudicial Pre-indictment Delay

A pre-indictment delay violates the Due Process Clause only if that delay (1) causes "the accused substantial, actual prejudice" and (2) was "intentionally undertaken by the government for the purpose of gaining some tactical advantage over the accused in the contemplated prosecution" – including "delay for the purpose of rendering unavailable evidence favorable to the defense or which would tend to undercut the government's case" but not including "delay to affirmatively strengthen the government's case" – "or for some other impermissible, bad faith purpose." *United States v. Crouch*, 84 F.3d 1497, 1514 & n.23 (5th Cir. 1996) (en banc). The defendant must "prove both prongs of the test." *United States v. Gulley*, 526 F.3d 809, 820 (5th Cir. 2008) (citing *United States v. Avants*, 367 F.3d 433, 441 (5th Cir. 2004)). And, "[t]o establish prejudice, the defendant must offer more than mere speculation of lost witnesses, faded memories or misplaced documents; he must show an actual loss of evidence that would have aided the defense and that cannot be obtained from other sources." *Id.* (citing *Crouch*, 84 F.3d at 1515).

Here, Mr. Sledziejowski candidly admits that he cannot prove the second prong at this time: "It is unclear why the Government delayed an indictment of Mr. Sledziejowski for so long." Dkt. No. 38 at 16. And it appears that Defendant raises pre-indictment delay as a basis for dismissal at this time on the belief that the issue should

be carried to trial and will not be preserved if not raised at this time in this manner. *See id.* (citing FED. R. CRIM. P. 12(b)(3)(A)(ii); *Gulley*, 526 F.3d at 820 ("*Crouch* advised district courts that 'at least in all but the very clearest and most compelling cases, the district court ... should carry a motion to dismiss for pre-indictment delay with the case, and make the determination of whether actual, substantial prejudice resulted from the improper delay in light of what actually transpired at trial.'" (quoting *Crouch*, 84 F.3d at 1516; brackets omitted))).

The Court should therefore deny the motion to dismiss the indictment for pre-indictment delay.

## Recommendation

The Court should deny Defendant Roman Sledziejowski's motion to dismiss the indictment for improper venue and pre-indictment delay.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CRIM. P. 59(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the

factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 15, 2018

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE