IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| V. | § | |
| | § | No. 3:16-cr-101-B |
| ROMAN SLEDZIEJOWSKI, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**
**DENYING MOTION FOR DISCOVERY**

Defendant Roman Sledziejowski has filed a Motion to Dismiss and for Discovery and Brief in Support, *see* Dkt. Nos. 38 & 39, which United States District Judge Jane J. Boyle has referred to the undersigned United States magistrate judge for hearing, if necessary, and recommendation or determination under 28 U.S.C. § 636(b), *see* Dkt. No. 47. The government has filed a response. *See* Dkt. No. 43.

As to Mr. Sledziejowski's grounds to dismiss the indictment – for improper venue and as a result of prejudicial pre-indictment delay – the undersigned issued, on February 15, 2018, findings of fact, conclusions of law, and a recommendation that the Court not dismiss the indictment. *See* Dkt. No. 48. This order is entered to determine the discovery portion of the referred motion. *See* FED. R. CRIM. P. 59(a).

**Applicable Background**

Through an indictment in this district returned in March 2016, Mr. Sledziejowski is charged with three counts of securities fraud in violation of 15 U.S.C. § 78j(b) and 78ff and 17 C.F.R. § 240.10b-5 based on transactions that occurred in July

-1-

2012.

In his discovery motion, he identifies six categories of material that he contends "should be produced pursuant to the Government's discovery obligations." Dkt. No. 38 at 23; *see id.* at 23-24. The government responds that it "has previously advised defense counsel that it has produced all material it received, and that it will continue to comply with its obligations regarding the government's future receipt of discoverable material." Dkt. No. 43 at 11.

But Mr. Sledziejowski also argues that – consistent with its disclosure obligations under the Federal Rules of Criminal Procedure; the Jencks Act, 18 U.S.C. § 3500; *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny; and *Giglio v. United States*, 405 U.S. 150 (1972), and its progeny – the government must search for and produce the requested materials from the files of the United States Securities and Exchange Commission (the "SEC") and two private entities – Penson Financial Services, Inc. and Apex Clearing Corporation – asserting that all three entities are "part of the prosecution team" in this matter. Dkt. No. 38 at 17-24.

**Legal Standards and Analysis**

As to the SEC only, "[t]he government agrees to review [that agency's] file in this matter to determine if there are materials, beyond those the government previously produced, that are responsive to the defendant's request. If such discoverable material does exist, the government agrees to produce it." Dkt. No. 43 at 7 (further providing: "The government does not necessarily concede that the SEC is part of its prosecution team, but the defendant's request for the Court to make such a finding is unnecessary

-2-

given the government's agreement to search the SEC's files for the material and produce it, if any exists, as the defendant requests."). In light of this agreement, the Court DENIES as moot Mr. Sledziejowski's discovery motion as to the SEC.

Turning to Penson and Apex, as alleged in the indictment, an entity owned and controlled by Mr. Sledziejowski cleared the July 2012 trades at issue through Apex. *See* Dkt. No. 1, ¶¶ 2, 7. Apex acquired the applicable clearing contract from Penson in approximately June 2012. *See id.*, ¶ 7. And, as characterized in Mr. Sledziejowski's discovery motion,

> [i]n late July and early August 2012, Apex/Penson personnel contacted the SEC and FBI asserting that Mr. Sledziejowski had engaged in fraud – despite the fact that it was Apex/Penson who failed to secure funds from the buyer before clearing the trade. In any event, Apex/Penson personnel worked closely with the FBI over the ensuing months to gather evidence on each other's behalf and jointly developed a fraud theory that sought to blame Mr. Sledziejowski for the failure of the original stock purchase.

Dkt. No. 38 at 6; *see also id.* at 19-20 (alleging that, as part of a "joint investigation" with the government, Apex/Penson personnel discussed with the government "potential legal theories and exchanged information regarding their findings" and gathered documents for the government).

The government disputes this characterization:

> Apex did not become an agent of the FBI, but instead, remained an independent actor. The government subpoenaed Apex's documents. Moreover, although Sledziejowski neglected to mention it, Apex communicated through its general counsel in many of Apex's early emails with the FBI that are referenced in his motion. Apex further required interviews of its employees by the government to be arranged and attended by Apex counsel. Two such interviews are documented in the FBI's FD-302s referenced in Sledziejowski's motion. And as the defendant noted, Apex asserted an attorney-client privilege over email

-3-

communications sought by the defendant in his own bankruptcy litigation. In short, Apex's actions are not those of a prosecution team member ....

Dkt. No. 43 at 10 (citations omitted).

As another judge of this Court has observed, in the context of a defendant's request that the government disclose "any information or statement of a person interviewed by ... [a] private fraud investigator,"

> [a]lthough "*Brady* obligations extend to all persons 'acting on the government's behalf,'" *United States v. Stewart*, 433 F.3d 273, 298 (2d Cir. 2006) (quoting *Kyles v. Whitley*, 514 U.S. 419, 437 (1995)), [the defendant there – like Mr. Sledziejowski here – ]cited no authority that holds that knowledge of facts by a private company is imputed to the government for *Brady* purposes where "there is no claim that the government was willfully blind to exculpatory evidence that it should well have known was available." *United States v. Josleyn*, 206 F.3d 144, 153 n.8 (1st Cir. 2000).
> 
> In fact, "while prosecutors may be held accountable for information known to police investigators, [courts] are loath to extend the analogy from police investigators to cooperating private parties who have their own set of interests." *Id.* at 154 (citation omitted). Therefore, the court holds that the government is only imputed with the knowledge that the government actually had and is not otherwise imputed with the knowledge of private companies or their fraud investigators for *Brady* purposes. *Id.*

*United States v. Haney*, No. 3:09-cr-249-D (03), 2011 WL 976786, at *2 & n.3 (N.D. Tex. Mar. 21, 2011) (original brackets omitted); *see Josleyn*, 206 F.3d at 154 (noting that "[t]he government's interest 'is not that it shall win a case, but that justice shall be done'" and that the "private interests" of "cooperating parties" "are often far from identical to – or even congruent with – the government's interests" (quoting *Berger v. United States*, 295 U.S. 78, 88 (1935))); *see also United States v. Tomasetta*, No. 10 Cr. 1205 (PAC), 2012 WL 896152, at *5 (S.D.N.Y. Mar. 16, 2012) ("[T]he fact that a

third-party corporation is cooperating with the Government's investigation – as many do – does not turn it into an 'agent' of the Government." (citing *Josleyn*, 206 F.3d at 154)); *United States v. June*, No. 10-cr-30021-MAP, 2012 WL 245243, at *2 (D. Mass. Jan. 25, 2012) ("[T]he relationship between the government and 'cooperating private parties' is not analogous to the relationship among various police investigators. It would be unfair to the government to require it to attempt to ferret out documents from third parties.").

Comparing this authority against the parties' showings, Mr. Sledziejowski has not shown that the government's discovery obligations extend to Apex/Penson. And his request that the government "search in, and produce discovery materials from, the files of" Apex/Penson is DENIED without prejudice to Mr. Sledziejowski's attempting to obtain the materials that he seeks from Apex/Penson through a subpoena under Federal Rule of Criminal Procedure 17(c). Dkt. No. 38 at 17; *see id.* at 21 n.7.

## Conclusion

For these reasons, the Court DENIES as moot in part and DENIES without prejudice in part the discovery portion of Defendant Roman Sledziejowski's Motion to Dismiss and for Discovery [Dkt. No. 38].

SO ORDERED.

DATED: February 21, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE